Bradbury, J.
This action was begun by the filing of the following petition:
“In the month of---, A. D. 1891, the defendant, which is a municipal corporation, was engaged in improving Broad and Columbus streets in said city of Laneester, with a brick pavement and at the same' time the plaintiff was engaged in performing his contract duly made with the defendant to put a twenty-four inch sewer across said Columbus and Broad streets at their intersection with Mill street in said city and connect them with and build eight sewer pipe catch-basins with McDonald tops at the four corners of said streets at their intersections and one such catch-basin at an alley on Columbus street, near to said Mill street, and the performance of which contract required the use of the following materials, and for the same and the necessary labor to dig the trenches, etc., and put said material in place and fill said trenches, he was entitled by the terms of said contract to receive from defendant and be paid the following prices and sums, viz.:
“Two hundred feet 24-inch sewer pipe at $1.25, $250.00; two hundred and forty feet 15-ineh sewer pipe at 65 cents, $156.00; two hundred and twenty feet 12-ineh sewer pipe at 55 cents, $121.00; twenty-three ells of 15-inch 2 pa by G. Matt, at $1.25, $26.25; nine tees of 24 inch sewer pipe at $3.50, $31.50; nine sewer inlets, $108.00; nine catch-basins, $225.00.
*567 “Said plaintiff had all his materials on the ground for the construction of said catch basins and had completed the one at said alley and said work was being done under the direction and superintendence of the city engineer of said city and the committee on drainage of the council of said city, and thereupon said engineer and committee being of opinion that said sewer pipe catch-basins would not answer the purpose intended, directed the plaintiff instead thereof, to construct at said eight corners cistern patch-basins with McDonald tops, and agreed to pay him for such change and the necessary labor and materials to make the same, the sum of $25 apiece or together $200.
“And the plaintiff says that in pursuance of said direction and agreement he completed said contract and made said changes and furnished all the necessary labor and material therefor, which was of the cost and value, of $25 apiece or $200, and the same was so done with the knowledge of said defendant and its officers and agents other than said engineer and said committee and since the construction thereof said defendant has possessed and used and still and now possósses and uses said catch basins, and by reason of the premises there became and was due to the plaintiff on account of said original contract and said modifications and extras thereof as aforesaid, the sum of $1,117.75, but said defendant, although often requested so to do, has hitherto failed and refused to pay plaintiff said sum or any part thereof except $723 and the whole balance thereof, to-wit: $394.75, with interest thereon from the first day of January, A. D. 1892, is still due to him and unpaid for and for which he asks judgment against defendant. Wherefore the said *568 plaintiff prays judgment against said defendant for said sum of three hundred and ninety-four dollars and seventy-five cents, together with interest thereon from the 1st day of January, A. D. 1892.”
The petition does not disclose the terms of this contract, nor the circumstances under which it was made. Had this been done, the character of the contract, whether legal or illegal, would have appeared, and its validity could have been determined by a demurrer to the* petition.
Doubtless an apprehension of the result that might follow such a course was the moving cause that induced the able and experienced counsel for the contractor to refrain from setting forth more specifically the contract and the manner in which it was made. A motion to require the plaintiff below to make his petition more definite and certain, by setting forth the terms of the contract, was made and overruled in the court of common pleas. The city then interposed a demurrer to the petition on the ground that it did not state a cause of action. The demurrer was overruled, and thereupon the city answered, denying the validity of the contract under which the work was alleged to have been done and the material furnished, and also denying that such work or material were of the value alleged.
An inspection of the petition will show that the claim of the contractor exceeded $1,100.00, $200.00 of which accrued from work authorized by a modification of the original contract. The circumstances under which the modification of the original contract was made are set forth with reasonable clearness, but the petition is silent concerning the terms of the original and principal *569 contract itself. The petition simply states that: “The plaintiff was engaged in performing his contract duly made with the defendant to put in twenty-four inch sewers across said Columbus and Broad streets at their intersection with Mill street,” etc. This averment shows simply that at the time the contract was modified, the plaintiff was performing a contract “duly made” with the city, but contains no word as to its terms. If it appeared that the plaintiff had been paid in full for all the work, etc., performed under the principal (original) contract and was seeking only to recover what had accrued under the modification, the averment might have been sufficient, but this was not the case. His right rested on both. The existence and terms of the original contract were as necessary to his recovery as were those of the modification. The right of the city in this respect was to be advised as to the whole claim of the contractor. It was entitled to know just what, according to the plaintiff’s version of the contract, he was to do and what obligations it imposed on the city— that it might admit or take issue upon those terms according to its understanding of their truth or falsity.
Certainly no principle of pleading is more firmly established than that one who founds his cause of action upon a contract must set forth that contract, at least in all cases where a quantum meruit will not lie. The amount involved in the contract in question exceeded $500, and according to the principles hereafter to be announced a special contract was indispensable to a recovery against the city.
The motion should have been sustained.
In view of the principles hereinafter announced doubts will at once arise respecting the sufficiency *570 of the petition and the correctness of the action of the court of common pleas in overruling the demurrer to it. But as the real qustion in the case is whether the contract under which recovery was sought was legal and valid, and as the answer controverts this validity, andas the circumstances upon which its validity depends are found in the bill of exceptions, that question will be determined according to the undisputed facts there disclosed, rather than by a review of the holding on the demurrer which would confine us to such facts or rather absence of facts as may be found in the petition. Those undisputed facts show that the city of Lancaster was engaged in paving two of its streets, Broad and Columbus streets; that these two streets ran parallel to each other, both crossing Mill street; that the latter street at the two points where the two streets above named cross it, would be paved as parts of those streets; that the city of Lancaster was contemplating the construction at an early date of a sewer along Mill street, and to avoid tearing up the paving at its intersection with Broad and Columbus streets, which would become necessary if the city delayed the construction of the sewer in question until after the improvement of those two streets had been completed, the city determined to locate and construct at once the sewer at those intersections. The determination was reached by the drainage committee of the council rather than by any formal action of the council itself, and this is also true of the letting of the contract for the construction of the sewer at these intersections. The city council took no action whatever, either to authorize the drainage committee to enter into the contract, or to ratify the contract after it was made, except *571 what may be implied from its appropriating money to be applied in part payment of the work. No advertisement for bids was made, as provided by section 2303, Revised Statutes, nor does it appear that funds to pay for the work was in the city treasury, or that a certificate to that effect was made by the proper officer, as prescribed by section 2702, Revised Statutes. That the work was done according to the contract and partly paid for is not disputed. Did a contract thus made, and afterwards performed, impose a liability on the city? Doubtless it would do so but for the restrictive provisions of the sections of the statute before alluded to. Counsel for defendant in error cite authorities which strongly tend to establish the general doctrine that municipal bodies, as well as individuals, may be bound by implied contracts, and that where work has been done, or material supplied to municipal corporations for purposes within the scope of their powers, and has been accepted by them, they should be held to the payment of their reasonable value. Conceding the. soundness of this rule as a general principle, to what extent has it been modified by the statutes of Ohio. The statutory provisions that chiefly bear upon this question are found in sections 1693, 2303 and 2702, Revised Statutes. Section 1693, provides: * * * “And no contract, agreement or obligation shall be entered into except by an ordinance or resolution of the council,' nor any appropriation, of money for any purpose be made except by an ordinance; every ordinance appropriating money shall contain an explicit statement of the uses and purposes for which the appropriation is made; the power or authority to make a contract, agreement or obligation to bind the cor *572 poration, or to make an appropriation, shall not be delegated; and every contract, agreement or obligation, and every appropriation of money made contrary to the provisions of this section shall be void as against the corporation, but binding on the person or persons making it. ’ ’
Section 2303. When the corporation makes an improvement or repair provided for in this chapter, the cost of which will exceed five hundred dollars, it shall proceed as follows:
‘ ‘First. It shall advertise for bids for the period of two weeks * * * in two newspapers published in the corporation. ” * * *
Section 2702. No contract, agreement, or obligation involving the expenditure of money shall be entered into, nor shall any ordinance, resolution or order for the appropriation or expenditure of money, be passed by the council or by any board or officer of a municipal corporation, unless the auditor of the corporation, and if there is no auditor, the clerk thereof shall first certify that the money required for the contract, agreement or other obligation, orto pay the appropriation or expenditure, is in the treasury to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose, which certificate shall be filed and immediately recorded; and the sum so certified shall not thereafter be considered unappropriated-until the corporation is discharged from the contract, agreement or obligation, or so long as the ordinance, resolution or order is in force; and all contracts, agreements or other obligations, and all ordinances, resolutions and orders entered into or passed, contrary to the provisions of this section shall be void.”
*573 The provisions of one of these sections (2303) applies only to contracts for improvements the cost of which exceeds $500. Did the contract involved in this action contemplate an expenditure exceeding that sum?
The contract related to two different and disconnected sections of the same sewer. One section was to be constructed at the intersection of Mill street and Broad street; the other section at the intersection of Mill and Columbus streets, each to be supplied with catch basins. These two sections, however, were, in the end, to become component parts of a sewer extending along Mill street. When the balance of the sewer should be constructed it would be joined to these two sections and the whole compose a single sewer along that street.
While a municipality in this state should not be allowed to divide an improvement, which is in fact single and entire, into separate parts so as to make the cost of each part less than $500, and contract separately for the construction of each part, thereby evading the provisions of section 2303, Revised Statutes, as to advertising for bids; nevertheless, if in view of the circumstances under which the city was acting at the time this contract was made, it in good faith had elected to regard the construction of each section as a matter distinct and independent of the other, and had proceeded to contract separately for each section, neither would have originally involved an expenditure of $500, and therefore, it might not have fallen within the provisions of section 2303 as to advertising for bids. This was not done, however, but instead, the two sections were treated as one and their construction was provided for by a single *574 contract, which involved an expenditure exceeding $500.
This section, 2303, Revised Statutes, however, does not extend to every contract involving an expenditure exceeding $500, but only to such contracts as relate to an improvement or repair provided for in chapter 4, division 7, of Title XII, Revised Statutes. The circumstances under which the contract in question was made are peculiar. The municipal authorities were acting in advance of any established plan of improvement. How the fund was to be raised to pay the cost of the sewer upon its ultimate construction does not appear. The scheme in this respect had not been developed when the contract was made. The usual course where an improvement is made pursuant to the chapter above named, is to assess the cost of construction, or a material part of it on the property to be benefited, but whether it was to be done in this way or the expense placed upon the entire taxable property of the city, nevertheless the contract related to the construction of a sewer and that is an improvement provided for in that chapter. Therefore, we think the provisions of section 2303 are applicable and that the advertisement for bids which it prescribes, was indispensable to the validity of the contract.
Section 2702, Revised Statutes, is also applicable to this contract. This section prohibits a municipality from entering into any contract * * * involving the expenditure of money unless the auditor or clerk, as the case may be, shall first certify that the money required for the contract is in the treasury.
The provisions of section 1693, Revised Statutes, are equally applicable and emphatic: That section *575 provides that “no contract * * * shall be entered into except by ordinance or resolution of the council * * * . The power or authority to make a contract * * * shall not be delegated and every contract * * * made contrary to the provisions of this section shall be void as against the corporation. ”
■ The evils against which these restrictive statutes are directed are municipal extravagance and the negligence and indifference of municipal officers. They were designed for the protection of municipal taxpayers generally, as well as to guard against excessive special assessments against property to pay for local improvements. The mischief arising from municipal prodigality and the growth of municipal debts that attended thereon, called loudly for an efficient remedy. These restrictive statutes are the answer to that call. They embody that principle of sound public policy which seeks to enforce economy in the administration of public affairs. The judicial tribunals of the state should administer these laws so as to advance the purpose thus sought to be accomplished. Contracts made in violation of these statutes should be held to impose no corporate liability. Persons who deal with municipal bodies for their own profit should be required at their peril to take notice of limitations upon the powers of those bodies which these statutes impose.
The corporation should not be estopped by the acts of its officers to set up these statutes in defense to contracts made in disregard of them. It would be idle to enact those statutes, and afterward permit their practical abrogation by neglect or other misconduct of the officers of the municipality. If such effect should be given to such acts of *576 municipal officers it would defeat the operation of the statutes. The strict enforcement of these provisions may occasionally cause instances of injustice; it is possible that municipal bodies may secure benefits under a contract thus declared void and refuse to maké satisfaction. In the nature of things, however, these instances will be rare. Those who deal with public agencies entrusted with the management of municipal affairs, usually experience liberal treatment. Such agencies are not stimulated to acts of injustice by cupidity. Self-interest, that great motive to overreaching, is absent. If, however, cases of hardship occur, they should be attributed to the folly of him who entered into the invalid contract. The gateways of municipal prodigality should not be left wide open, because an attempt to narrow them may cause an occasional instance of seeming hardship.
A few words may be added as to operation of section 1693, Revised Statutes, which declares a contract void as to the municipality if not “entered into by ordinance or resolution of the council.” Notwithstanding this emphatic declaration, yet, so far as this ease is concerned it may be conceded-that a contract made in violation of this section is capable of subsequent ratification by the council. But whether a contract thus made may be ratified by the council or hot, or if capable of ratification, whether the act of the city council in appropriating money to be applied on the contract involved herein, was a sufficient ratification, is immaterial to á decision of the case and will not be considered further, because however that may be, the contract having been made in violation of sections 2303 and *577 2702, Revised Statutes, is on that account clearly void and imposed no liability on the city.

Judgment reversed and judgment for plaintiff in error on the undisputed facts.